KAREN NELSON MOORE, Circuit Judge,
concurring in part and dissenting in part.
I concur in Part II of the Analysis section of the opinion concerning defense counsel’s ineffective assistance in failing to investigate. However, I disagree with the reasoning in Part I of the Analysis section that English’s decision-based ineffective-assistance-of-counsel claim should consider only those circumstances that became known to defense counsel after the first witness was called at trial. The Strickland test requires this court “to engage in the circumstance-specific reasonableness inquiry”- — " ‘the performance inquiry must be whether counsel’s assistance was reasonable considering all the circumstances.’ ” Roe v. Flores-Ortega, 528 U.S. 470, 478, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (quoting Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). I believe that we should not restrict what informs our “objective standard of reasonableness” calculus in a way that removes from consideration the information that defense counsel already possessed and the strategic decisions already made — the decision to stress in his opening statement that Ceruti would testify, which opened the door for the prosecutor to introduce evidence to impeach Ceruti in his case-in-chief. Considering these circumstances, I believe that defense counsel’s decision not to call Ceruti could not become reasonably sound trial strategy. The reasonableness of defense counsel’s later decision to abandon his promise to call Ceruti is affected by his *731 prior strategic decision to make the promise at all, irrespective of his prior investigation. I therefore respectfully join only the reasoning in Part II of the Analysis section, and I join the judgment insofar as it affirms the district court’s conditional grant of a writ of habeas corpus.